■ In the Matter of the Estate of SANTO C. CERIBELLI, Deceased. DIANE W. CERIBELLI et al., Appellants.—Order, Surrogate's Court, New York County (Marie Lambert, S.), entered on or about June 30, 1989, which refused to entertain a petition to invade the corpus of a testamentary trust on behalf of the remaindermen, unanimously reversed, on the law, the facts, and in the exercise of discretion, the petition granted, and the matter remanded to the Surrogate's Court for further proceedings consistent with this order, without costs.

Petitioners are the income beneficiaries under the last will and testament of Santo C. Ceribelli, petitioners' grandfather. The will is dated April 4, 1952, and it was admitted to probate on May 8, 1953. The will established several trusts for the benefit of the testator's wife, son and grandchildren. All trusts have terminated except that in issue here. Under paragraph Fifth of the will, petitioners are to receive the annual income from the trust and on their deaths, the principal of the trust is to pass to their issue per stirpes.

Petitioners have a total of 10 children. Petitioners seek to invade the corpus of the trust and to, in effect, terminate the trust for the benefit of the maintenance and education of their children.

While no provision in the will authorizes the invasion of the corpus of the trust, it is clear that the testator's intent was to provide for the education and maintenance of his beneficiaries. (Matter of Jones, 38 NY2d 189, 193 [1975]; Matter of Walker, 64 NY2d 354, 357 [1985].) Pursuant to EPTL 7-1.6 (a) (which is applicable to trusts created prior to Sept. 1, 1967), a trust may be invaded for the support or education of an income beneficiary provided all of the interested persons consent in writing. Here, since the intent of the testator would be carried out, the income to which the life beneficiaries would be entitled is relatively small, and all interested persons have consented, we deem it appropriate and in the interest of justice to grant the petition. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.